IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARBARA COWDIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) No. 04-2045-GTV |
| | ) |
| SEARS, ROEBUCK & COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Barbara Cowdin brings this product liability action against Defendant Sears, Roebuck & Company and Defendants Sanyo North America Corporation, Sanyo Fisher Company, and Sanyo Industries (Singapore) Pte., Ltd. (collectively the "Sanyo Defendants"). Plaintiff claims that a microwave oven distributed, designed, produced, made, fabricated, constructed, and/or manufactured by the Sanyo Defendants and sold by Defendant Sears started a fire in her home. Plaintiff claims that the Sanyo Defendants' attorney represented to her that the microwave was a Sanyo product. The Sanyo Defendants have moved for summary judgment as to Plaintiff's claims or for dismissal of such claims, offering evidence that the microwave oven is not a Sanyo product (Doc. 18).[1] In light of the Sanyo Defendants' position, Plaintiff

---

[1] Defendant Sanyo Industries (Singapore) Pte., Ltd. has joined the motion although it has never been served. The Sanyo Defendants contend that it is no longer a viable company and is not consenting to jurisdiction. But by filing a responsive motion without specifically

1

has moved to amend her complaint to add a claim for negligent misrepresentation against the Sanyo Defendants (Doc. 27). For the following reasons, the court denies the motion to dismiss/for summary judgment (Doc. 18) and grants the motion to amend the complaint (Doc. 27).

## I. FACTUAL BACKGROUND

On February 13, 2002, a fire occurred in Plaintiff's residence. Consolidated Forensic Investigations, Inc. conducted an investigation and concluded that the fire originated as a result of a malfunction in Plaintiff's microwave oven. Plaintiff had purchased the Kenmore microwave oven in Topeka, Kansas from Defendant Sears in 1995. The microwave was an over-the-range style microwave, and was destroyed in the fire, resulting in the model number and serial number on the unit being unidentifiable. The fire did not destroy the User and Care Manual for the microwave, but the manual does not indicate the microwave's model number or serial number. It does, however, indicate that the microwave's stock number is 89150.

On January 13, 2004, Linda Davis, a Claims Representative for State Farm Fire Casualty Company, had a telephone conversation with a representative from the Sears store in Topeka regarding the Kenmore microwave. The Sears representative told Ms. Davis that the microwave had been purchased from that store, and provided her with a model number (5658948090) and a stock number (89150) for the microwave. Based on this information,

---

asserting that process was insufficient or that the court lacks personal jurisdiction over it, Defendant Sanyo Industries (Singapore) Pte., Ltd. has waived such challenges. See Fed. R. Civ. P. 12(g)-(h).

Ms. Davis submitted a request to the Tracking Impaired Products Program,[2] using the model number and stock number.  The Tracking Impaired Products Program report indicated that Sanyo North America Corporation had distributed, designed, produced, made, fabricated, constructed, and/or manufactured the microwave.

On January 15, 2004, Ms. Davis submitted letters to Sanyo Fisher Service Corporation and Sanyo North America Corporation, in which she set forth the model number (5658948090) and stock number (89150) of the Kenmore microwave.  In a phone call the next day, Michael O'Brien, counsel for the Sanyo Defendants, told Ms. Davis that the Kenmore microwave had been distributed, designed, produced, made, fabricated, constructed, and/or manufactured by the Sanyo Defendants.  That same day, he told Plaintiff's counsel, Carl Callenbach, that Sanyo North America Corporation would not have been in the chain of distribution of the product, and Sanyo Industries (Singapore) Pte. Ltd. was no longer in business, but that he was attempting to determine whether the model number corresponded with a product manufactured by Sanyo Industries (Singapore) Pte. Ltd.  On January 20, 2004, Mr. O'Brien reiterated to Mr. Callenbach that the Kenmore microwave was a Sanyo product.  Mr. Callenbach then memorialized the conversation in a letter dated January 21, 2004.  Mr. O'Brien specifically stated in a letter dated January 23, 2004, that "I have confirmed that the subject Kenmore brand microwave oven was manufactured by SANYO Industries (Singapore) Pte., Ltd."  Mr. O'Brien has since clarified that he made these representations based only on

---

[2] Neither party has offered evidence suggesting who owns and/or operates the "Tracking Impaired Products Program."

the fact that Sanyo does manufacture microwaves for Sears with a model number beginning "565." All Sanyo microwave ovens manufactured for Sears bear the numbers "565" in the first three digits of the microwave's model number. Sanyo identifies its products for Sears by model number. The "stock number" is a number designated by Sears.

After sending the January 23, 2004 letter, Mr. O'Brien received copies of the investigation materials that were generated in connection with State Farm's investigation of the fire. The investigator's report indicated that the microwave at issue was a hood/vent combination style oven. On January 27, 2004, Sanyo provided Mr. O'Brien with a copy of the Use and Care Manual for microwave oven model number 5658948090, which turned out to be for a counter-top microwave oven. The manual showed that the model number had stock numbers of 89470, 89480, and 89481. Model number 5658948090 was not associated with stock number 89150, the number Plaintiff's User and Care Manual listed.

On February 5, 2004, Plaintiff brought the instant action against Sears and the Sanyo Defendants, relying on the representations of Mr. O'Brien. On February 23, 2004, Sanyo confirmed that the model number provided by State Farm, 5658948090, belonged to a counter-top microwave oven, whereas the microwave oven at issue was a hood/vent combination oven. On March 16, 2004, Thomas DeMicco, counsel for the Sanyo Defendants, inspected the Kenmore microwave. The Sanyo Defendants claim that at that time, Mr. DeMicco informed Mr. Callenbach that Sanyo's model number 5658948090 was a Kenmore counter-top microwave oven. He also advised Mr. Callenbach that because the lawsuit involved an over-the-range oven, model number 5658948090 could not correspond to the microwave oven at

4

issue. And Mr. DeMicco states in his affidavit that he advised Mr. Callenbach that the stock number 89150 did not represent a Kenmore brand microwave oven that was manufactured by Sanyo. He further states that he advised Mr. Callenbach at the inspection that the Sanyo Defendants expected his client to voluntarily dismiss them from the lawsuit since they had confirmed that the microwave at issue was not a Sanyo product.

Plaintiff, on the other hand, claims that she was informed on September 3, 2004 for the first time that the Kenmore microwave may have been distributed, designed, produced, made, fabricated, constructed, and/or manufactured by an entity other than the Sanyo Defendants. Plaintiff now seeks to amend her complaint to add a negligent misrepresentation claim against the Sanyo Defendants because she relied on their attorney's earlier representation that the microwave was a Sanyo product when she filed her case. Plaintiff is concerned that the statute of limitations may have now expired on her claims.

At some point after the inspection, Sanyo also had one of its engineers conduct an independent investigation. The engineer concluded that the microwave at issue could not be a Sanyo product. He reviewed Sanyo records and determined that stock number 89150 did not represent a Sanyo product built to carry the Kenmore brand name. He also reviewed the product inspection information, and determined that, based on the dimensions of the microwave and its construction, it was not a microwave manufactured by Sanyo.

## II.  SUMMARY JUDGMENT STANDARD

The Sanyo Defendants have moved to dismiss Plaintiff's claims, or, alternatively, for summary judgment as to Plaintiff's claims.  Because the court has considered evidence attached to the pleadings, and not just the allegations in Plaintiff's complaint, the court analyzes the motion under the standards for summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Lack of a genuine issue of material fact means that the evidence is such that no reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. Anderson, 477 U.S. at 256.  "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id.  Therefore, the mere

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. The court must consider the record in the light most favorable to the nonmoving party. Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir. 1984).

### III.  DISCUSSION

#### A.  Motion to Dismiss/for Summary Judgment

The Sanyo Defendants move for summary judgment based on the evidence that the microwave at issue could not have been a Sanyo product. Plaintiff claims that the court should deny the Sanyo Defendants' motion because the Sanyo Defendants are conclusively bound by their attorney's admission that the microwave was manufactured by Sanyo. Alternatively, Plaintiff claims that the Sanyo Defendants are equitably estopped from asserting that they did not distribute and/or manufacture the microwave. The court determines that there are genuine issues of material fact as to both of these issues, and denies the Sanyo Defendants' motion at this time.

The genuine issues lie in the Sanyo Defendants' own statements. Mr. O'Brien has stated that the microwave is a Sanyo product. He and Mr. DeMicco have also stated that the microwave is not a Sanyo product, based on an investigation conducted by Sanyo's engineer. The earlier statement by Mr. O'Brien may have been based on misinformation, or Mr. O'Brien simply may have not checked into the matter sufficiently before confirming that the microwave was a Sanyo product. It is too early in the litigation for the court to determine who is to blame for the discrepancy. The court does not hold at this time that the Sanyo Defendants are bound

by their earlier admission. The court cannot conclude based on the record before it that the microwave was unquestionably not a Sanyo product.

The court also does not have enough information to rule whether the Sanyo Defendants should be equitably estopped from denying that the microwave is a Sanyo product. The record does not indicate why Plaintiff waited until just before the running of the statute of limitations to file her case. Evidence shedding light on the reason for delay may prevent Plaintiff's theory of equitable estoppel, but the court cannot make that determination now. See Rex v. Warner, 332 P.2d 572, 579 (Kan. 1958) (citation omitted) (stating that the doctrine of equitable estoppel "is not available for the protection of one who has suffered loss solely by reason of his own acts or omissions. Equity aids the vigilant and not those who slumber on their rights.").

### B. Motion to Amend Complaint

Plaintiff seeks to amend her complaint to add a cause of action against the Sanyo Defendants for negligent misrepresentation based on Mr. O'Brien's statements that the microwave was a Sanyo product. The Sanyo Defendants argue that the motion should be denied because the additional claim does not arise out of the same transaction or occurrence as the original claims or, alternatively, because Plaintiff does not have any damages. They claim that Plaintiff's proposed claim is futile because it has not yet accrued. The court disagrees.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This is a "mandate . . . to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend is a matter committed to the court's sound discretion and is not to be denied without

8

the court giving some reason or cause on the record.  Fed. Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987).  Leave may be denied when the amendment would be futile.  Foman, 371 U.S. at 182; State Distribs., Inc. v. Glenmore Distilleries, 738 F.2d 405, 416 (10th Cir. 1984).  In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.  Koch v. Koch Indus., 127 F.R.D. 206, 209 (D. Kan. 1989).

Futility may serve as the basis for denying a motion to amend when the proposed amendment would not withstand a motion to dismiss.  Acker v. Burlington Northern and Santa Fe R. Co., 215 F.R.D. 645, 647 (D. Kan. 2003) (citing Lyle Commodity Credit Corp., 898 F. Supp. 808, 810 (D. Kan. 1995) (additional citation omitted)).  The court therefore analyzes a proposed amendment as if it were before the court on a motion to dismiss.

First, it is immaterial whether the proposed amendment arises out of the same transaction or occurrence as the other claims in the complaint.  Plaintiff does not seek to have the amendment relate back to the filing of the complaint in order to save her claim from being barred by the statute of limitations.  See Fed. R. Civ. P. 15(c)(2) (stating that to relate back to the date that the original complaint was filed, the claims must arise out of the same transaction or occurrence).

Second, the court determines that Plaintiff's proposed amendment is not necessarily futile.  The outcome of the case will determine whether any damages are available for this claim.  The interest of justice supports keeping all of the claims in one case rather than making Plaintiff wait until this case is completed before filing a subsequent case for negligent

9

misrepresentation. If necessary, the court can fashion a jury verdict form that conditions recovery for the negligent misrepresentation claim on a finding that Plaintiff sustained damages because the Sanyo Defendants were not the correct party in the case and Plaintiff was unable to pursue the true manufacturer of the microwave.

IT IS, THEREFORE, BY THE COURT ORDERED that the Sanyo Defendants' motion to dismiss or for summary judgment (Doc. 18) is denied.

IT IS FURTHER BY THE COURT ORDERED that Plaintiff's motion for leave to amend her complaint (Doc. 27) is granted. Plaintiff is directed to file her amended complaint within ten (10) days of the date of this Memorandum and Order.

Copies of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 26th day of January 2005.

/s/ G. T. VanBebber  
G. Thomas VanBebber  
United States Senior District Judge