**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BARBARA COWDIN, )<br>)<br>    **Plaintiff,** )<br>) **CIVIL ACTION**<br>v. )<br>) **No. 04-2045-KHV**<br>SEARS, ROEBUCK & COMPANY, et al., )<br>)<br>    **Defendants.** )<br>_____) | |

**MEMORANDUM AND ORDER**

On February 5, 2004, plaintiff filed suit against Sears Roebuck & Company ("Sears"), Sanyo North America Corporation, Sanyo Fisher Company and Sanyo Industries Singapore PTE LTD (collectively referred to as "Sanyo defendants"), alleging breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, failure to warn, strict product liability, negligent manufacture, design or installation and negligent misrepresentation. All of plaintiff's claims arose from a fire which allegedly resulted from a defective microwave installed above the electric range in plaintiff's kitchen. Plaintiff purchased the microwave from Sears, and she alleged that the Sanyo defendants had manufactured it. Some time after she filed suit and the statute of limitations had expired, plaintiff received information that the Sanyo defendants had not manufactured the microwave. This matter therefore comes before the Court on Plaintiff's Motion For Dismissal Without Prejudice (Doc. #118) filed October 11, 2005. Certain defendants oppose plaintiff's motion, arguing that plaintiff did not

bring her case in good faith and that the case should not be dismissed before defendants have an opportunity to recover sanctions and costs.[1]

## Legal Standard

After the opposing side answers, an action shall not be dismissed at plaintiff's instance save upon order of the Court and upon such terms and conditions as the court deems proper. Fed. R. Civ. P. 41(a). Dismissal under Rule 41(a)(2) is within the sound discretion of the Court. See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996). In exercising that discretion, the Court must consider the purposes of Rule 41(a)(2). The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to allow the Court to impose curative conditions. See id. (citing 9 C. Wright and A. Miller, Federal Practice and Procedure § 2364 at 279 (2d ed. 1994)).

When considering a motion to dismiss without prejudice, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993). Courts generally allow dismissal without prejudice unless defendant will suffer some plain legal prejudice. Wimber v. Dep't of Soc. & Rehab. Servs., 156 F.R.D. 259, 261 (D. Kan. 1994); see also Clark, 13 F.3d at 1411. The Tenth Circuit has set out factors for courts to consider in determining whether to grant a motion to dismiss without prejudice: (1) defendant's efforts and funds expended towards preparing for trial; (2) plaintiff's undue delay or lack of diligence in prosecuting the action; (3) the adequacy of plaintiff's explanation for needing to dismiss; (4) plaintiff's diligence in moving to dismiss; (5) the present stage of litigation; and (6) duplicative expenses involved in a likely

---

[1] Sanyo Industries Singapore PTE LTD apparently does not oppose plaintiff's motion to dismiss, as it filed no response to the motion.

second suit.  See Nunez v. IBP, Inc., 163 F.R.D. 356, 359 (D. Kan. 1995); see also Clark, 13 F.3d at 1411.  Neither the mere prospect of a second lawsuit nor a tactical advantage to plaintiff amounts to legal prejudice.  See Am. Nat'l Bank & Trust Co. v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991).  For dismissal to be appropriate, all factors need not be resolved in favor of the moving party; likewise, for dismissal to be inappropriate, all factors need not be resolved in favor of the party opposing it.  See United States v. Outboard Marine Corp., 789 F.2d 497, 502 (7th Cir. 1986).  Further, the factors are not exclusive; they are merely guides for the district court.  See Phillips USA, Inc., 77 F.3d at 357-58.

## **Analysis**

Plaintiff states that she is involved in discussions with all defendants which may result in a stipulation of dismissal with prejudice and that dismissal under the present motion will facilitate the conclusion of litigation without prejudicing the parties' discussion.  Sanyo North America and Sanyo Fisher Co. contend that depositions of plaintiff and the insurance company representative unequivocally establish that

> plaintiff's case was not made in good faith, was based upon false assumptions, and was made without consultation with the plaintiff herself as to whether the Sanyo product purchased by plaintiff was the unit involved in the fire.

Defendants Sanyo North America And Sanyo Fisher Opposition To Plaintiff's Motion For Voluntary Dismissal Without Prejudice (Doc. #122) filed October 23, 2005.  Defendants oppose dismissal without consideration of their costs and other available relief and suggest that the Court consider such issues under Rule 11, 28 U.S.C. § 1927 and the Court's inherent authority.  Defendants present no other reason why plaintiff should not be allowed to dismiss her case without prejudice.

None of the parties address the relevant factors under Tenth Circuit precedent.  Factual discovery appears to be complete.  Defendants have produced some written documents, responded to written

discovery and taken at least two depositions. Expert discovery remains open until April 28, 2006. The pretrial conference is set for May 22, 2006, and trial is set for October 3, 2006, nearly one year away. The Court has no information as to defendants' effort or expenses, but litigation is in the early stages. The record does not show any undue delay on plaintiff's part. Any potential legal prejudice to defendants, on account of a dismissal without prejudice, could be alleviated through use of discovery already conducted. Furthermore, although defendants claim that plaintiff has acted in bad faith since the inception of this case, they have made no effort to seek sanctions in the two-year pendency of this suit.[2]

Under Rule 41(a)(2), the Court has discretion "to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'" Am. Nat'l Bank & Trust Co., 931 F.2d at 1412. The Court sustains plaintiff's motion subject to the condition that in any re-filed action, plaintiff shall consent to use of all discovery completed to date.

When the Court imposes conditions, plaintiff must be given opportunity to withdraw the motion if those conditions are unacceptable or too onerous. Gonzales v. City of Topeka, Kan., 206 F.R.D. 280, 283 (D. Kan. 2001). The Court therefore grants plaintiff until **January 23, 2006** to withdraw her motion to dismiss if this condition is unacceptable.

Defendants argue that they are entitled to recover their costs in defending this action under Rule 11, Fed. R. Civ. P., 28 U.S.C. § 1927 and the Court's inherent authority. Rule 11(c)(1)(A) provides as follows:

---

[2] The fact that the Honorable G. Thomas VanBebber overruled defendants' first motion for summary judgment on January 26, 2005 suggests that plaintiff's case was not so demonstrably frivolous as defendants would have the Court believe.

-4-

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged . . . claim . . . is not withdrawn or appropriately corrected.

Defendants have never filed a motion for sanctions under Rule 11(c)(1)(A), and the record contains no evidence that they followed the "safe harbor" provision in Rule 11. Given defendants' delay in seeking Rule 11 sanctions to redress misconduct which allegedly predates the very filing of plaintiff's suit, the Court is unpersuaded that this otherwise moribund litigation should be maintained on life support for the sole purpose of litigating sanctions. This is particularly true because defendants' allegations of bad faith are conclusory and, as noted above, plaintiff's case survived summary judgment in its early stages. Defendants have not provided the Court any information as to court costs, but this order does not preclude them from seeking such costs under Rule 54, Fed. R. Civ. P. See Gonzales, 206 F.R.D. at 283 n.3.

Pursuant to 28 U.S.C. § 1927, a district court may assess costs and fees against an attorney who vexatiously and unreasonably multiplies the proceedings. Dreiling v. Peugeot Motors of Am., Inc., 768 F.2d 1159, 1165 (10th Cir. 1985). This power to award sanctions must be strictly construed and utilized only in instances evidencing a "serious and [studied] disregard for the orderly process of justice." Id. (citing Kiefel v. Las Vegas Hacienda, Inc., 404 F.2d 1163, 1167 (7th Cir. 1968)). A court may award Section 1927 sanctions "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Bowles Fin. Group, Inc. v. Stifel, Nicolaus & Co., 33 F.3d 62, 1994 WL 459647, at *3 (10th Cir. 1994). "An attorney becomes subject to Section 1927 sanctions 'by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law.'" Braley v. Campbell, 832 F.2d 1504, 1511 (10th Cir. 1987) (quoting In re TCI Ltd., 769 F.2d 441, 445

(7th Cir. 1985)); see also Herzfeld & Stern v. Blair, 769 F.2d 645, 647 (10th Cir. 1985) (upholding sanctions under Section 1927 for attorney conduct "either cavalier . . . or bent on misleading the court"). Here, the conduct of plaintiff's counsel does not warrant imposition of sanctions under Section 1927.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Dismissal Without Prejudice (Doc. #118) filed October 11, 2005 be and hereby is **SUSTAINED**, subject to the condition set forth above. On or before **January 23, 2006**, plaintiff may withdraw her motion for dismissal without prejudice.

Dated this 9th day of January, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge